UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
JESSICA MEZON and KARINA GARCIA,
on behalf of themselves and others similarly
situated,

        Plaintiffs,

        v.

RELISH CONCESSION & EVENT
CATERING LLC, RELISH AT THE
CAROUSEL LTD., RELISH CATERERS
LTD., RELISH BD LLC, and CLAUDINE
REVERE,

        Defendants.
------------------------------------------------------------x

**COMPLAINT**

**FLSA COLLECTIVE ACTION AND
RULE 23 CLASS ACTION**

**DEMAND FOR JURY TRIAL**

Plaintiffs, on behalf of themselves and all others similarly situated, allege as follows:

## JURISDICTION AND VENUE

1. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). This Court has supplemental jurisdiction over the New York state law claims, as they are so related to the claims in this action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

2. Venue is proper in this District because Defendants conduct business in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

3. All Defendants are hereinafter collectively referred to as "Defendants."

4. Defendant Relish Concession & Event Catering LLC is a New York company that operates, *inter alia*, food and beverage concessions at Wollman Rink in Central Park.

5. Defendant Relish at the Carousel Ltd. is a New York corporation that operates food and beverage concessions at the Central Park Carousel.

6. Defendant Relish Caterers LTD. is a New York corporation that operates food and beverage concessions at the Lasker Rink and Pool in Central Park.

7. Defendant Relish BD LLC is a New York company that provides food and beverage service to Palantir, a technology company in Manhattan.

8. Defendants Relish Concession & Event Catering LLC, Relish at the Carousel Ltd., Relish Caterers LTD., and Relish BD LLC are referred to collectively as "Relish" or the "Corporate Defendants."

9. Upon information and belief, each Corporate Defendant has an annual gross volume of sales in excess of $500,000.

10. The Corporate Defendants are part of a single integrated enterprise that jointly employed Plaintiffs and those similarly situated at all relevant times.

11. Each Corporate Defendant uses the "Relish" trade name.

12. The Corporate Defendants have the same business purpose: providing food and beverage services.

13. The Corporate Defendants share common ownership. Defendant Claudine Revere is a principal of all of them.

14. The Corporate Defendants have common management. Managing Director David Woods has supervisory authority over all Relish managers and visits each worksite on a weekly basis to discuss menu, budget, operations, and maintenance issues with managers.

15. The Corporate Defendants are subject to common control of labor relations. Paola Torres handles payroll for all the Corporate Defendants, and employees are moved around by management among the various Relish worksites.

16. A single employee schedule also showed who was working at which worksite each week.

17. In addition, the same employee handbook was distributed to all Relish employees.

18. Defendant Claudine Revere exercises sufficient control over Relish's day to day operations to be considered Plaintiffs' employer under the FLSA and New York law.

19. In addition to being the founder and principal of Relish, Revere plays an active role in managing the Corporate Defendants.

20. Revere is involved in hiring and supervising Relish managers. For example, she is the Relish representative listed on Plaintiff Jessica Mezon's offer letter for the position of Café Manager.

21. Revere also met with managers, including Plaintiff Mezon, to review paperwork for their employee files.

22. Revere determines employee wages and approves all raises.

23. Revere calls or visits the Corporate Defendants and all other Relish worksites on approximately a weekly basis to monitor the operations at each location and ensure that protocol is being followed. For example, during Plaintiff Mezon's tenure as Café Manager, Revere spoke with Plaintiff Mezon via telephone to inquire about that day's sales and confirm that the kitchen was being kept clean. She also instructed Plaintiff Mezon to send employees home on days when business was particularly slow.

24. Plaintiff Jessica Mezon worked for Relish providing food service at, *inter alia*, Wollman Rink, the Central Park Carousel, Central Park's Lasker Rink, and Palantir for approximately 10 years ending on or around October 6, 2018. In or around July 2017, Mezon became a manager.

25. Plaintiff Karina Garcia worked for Relish providing food service at, *inter alia*, Wollman Rink and the Central Park Carousel from approximately 2012 to December 2018.

## FLSA COLLECTIVE ACTION ALLEGATIONS

26. Plaintiffs bring the First Claim for Relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all food service employees, other than service managers, employed by Defendants on or after the date that is three years before the filing of the Original Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

27. At all relevant times, Plaintiffs and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them at the legally required overtime rates for all overtime hours worked. The claims of Plaintiffs stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

28. The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purpose of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

29. Plaintiffs bring the state law Claims for Relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all food service employees, other than service managers, employed by Defendants on or after the date that is six years before the filing of the Original Complaint in this case as defined herein (the "Class Period").

30. All said persons, including Plaintiffs, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from Defendants' records. The hours assigned and worked, the positions held, and the rates of pay for each Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under said F.R.C.P. 23.

31. The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the court. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Defendants, upon information and belief, there at least forty (40) members of the Class.

32. Plaintiffs' claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief which would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay all wages due and failing to provide Class members with required wage notices. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of

unfair and/or wrongful acts as to each Class member. Plaintiffs and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

33. Plaintiffs are able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

34. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against Defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights

and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

35. Upon information and belief, Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

36. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

   a) Whether Defendants employed Plaintiffs and the Class members within the meaning of the New York law.

   b) At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay Plaintiffs and the Class members for their work.

   c) Whether Defendants paid Plaintiffs and the Class members the appropriate minimum wage for all hours worked.

   d) Whether Defendants paid Plaintiffs and the Class members their agreed rate for all hours worked.

   e) Whether Defendants paid Plaintiffs and the Class members the appropriate overtime rate for all overtime hours worked.

f) Whether Defendants paid Plaintiffs and the Class members New York's spread of hours compensation when their workdays lasted more than 10 hours.

g) Whether Defendants gave Plaintiffs and the Class members the wage notices and statements required by New York Labor Law § 195 and the New York Hospitality Wage Order.

## FACTS

37. Plaintiffs' Consent to Sue forms are attached as Exhibit A.

38. Defendants committed the following alleged acts knowingly, intentionally and willfully.

39. Defendants paid Plaintiffs an hourly rate, except for when Plaintiff Mezon worked as a manager from July 2017 to October 2018, during which time she was paid a salary.

40. Plaintiff Mezon's hourly rate ranged from $9.25 in 2013 to $16 in 2016. Plaintiff Garcia's hourly was normally at or slightly above the New York minimum wage. For example, when the New York minimum wage increased to $11 in 2017, she was already being paid at that rate, and her rate did not increase. In 2018, Plaintiff Garcia was paid an hourly rate of $13.75, slightly more than the New York minimum wage of $13.

41. Defendants frequently failed to pay Plaintiffs for all hours worked.

42. For example, Defendants deducted 30 minutes from Plaintiffs' daily hours for a "break" on days when Plaintiffs did not take breaks.

43. In addition, sometimes entire shifts were missing from the hours on Plaintiffs' paychecks.

44. When business was slow, Defendants regularly sent Plaintiffs, and other employees, home within an hour of the start of their shifts. This occurred approximately once

per month but was more frequent during the winter and summer months when it was particularly cold or hot outside. On those occasions, Defendants did not pay Plaintiffs, or the other employees, for at least three hours of work, or the number of hours in the regularly scheduled shift, whichever is less.

45. Defendants did not pay Plaintiffs time and a half for overtime hours worked.

46. Defendants issued separate paychecks for work performed at each worksite. Even when the hours on the two paychecks added up to more than 40 hours, Defendants did not pay time and half for the overtime hours.

47. For example, for the week ending January 15, 2017, Plaintiff Mezon received one check for 15.75 hours worked at Palantir and another check for 27.25 hours worked at Lasker Rink, for a total of 43 hours. However, Defendants paid Plaintiff $16 per hour for all 43 hours that she worked.

48. Defendants did not pay Plaintiffs an additional hour of pay at the statutory minimum wage rate when they worked more than ten hours in a day.

49. Plaintiffs worked more than ten hours in a day whenever Defendants hosted special events. For example, they worked more than ten hours per day during the Rolex Central Park Horse Show and the Fox Network Upfront Presentations Afterparty, both hosted by Defendants on a yearly basis.

50. Once Plaintiff Mezon was promoted to be a manager, she was paid a weekly salary of $730.76, which was less than the weekly salary required under New York law for exempt employees.

51. Most weeks as a manager, Plaintiff Mezon worked at least five overtime hours, and often more. However, Defendants always paid her a weekly salary without any overtime premium.

52. Defendants did not give Plaintiffs the wage notices required by N.Y. Lab. L. § 195(1).

53. Defendants did not give Plaintiffs wage statements that complied with N.Y. Lab. L. § 195(3). For example, the wage statements provided did not accurately state their hours listed.

54. Defendants knew that nonpayment of wages due would economically injure Plaintiffs and violated federal and state laws.

55. Defendants committed the foregoing acts against Plaintiffs, the FLSA Collective Plaintiffs, and members of the Class.

### FIRST CLAIM FOR RELIEF
**(FLSA Overtime Violations, 29 U.S.C. §§ 201 *et seq.*)**
**(Brought By Plaintiffs on Behalf of Themselves and the FLSA Collective Plaintiffs)**

56. Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

57. Throughout the statute of limitations period covered by these claims, Plaintiffs and the FLSA Collective Plaintiffs regularly worked in excess of forty (40) hours per workweek.

58. At all relevant times, Defendants had and operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of willfully failing and refusing to pay Plaintiffs and the FLSA Collective Plaintiffs at one and one half times the greater of their regular rate or the full federal minimum wage for work in excess of forty (40) hours per workweek and willfully failing to keep records required by the

FLSA and relevant regulations even though the Plaintiffs and the FLSA Collective Plaintiffs were entitled to overtime.

59. Plaintiffs, on behalf of themselves the FLSA Collective Plaintiffs, seek damages in the amount of their unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF
**(New York State Minimum Wage Violations, N.Y. Lab. L. §§ 650 *et seq.*)**
**(Brought By Plaintiffs on Behalf of Themselves and the Class)**

60. Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

61. Defendants knowingly failed to pay Plaintiffs and the Class members the full New York State minimum wage for all hours worked.

62. As a result of Defendants' unlawful conduct, Plaintiffs and the Class members are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, and costs and attorneys' fees.

## THIRD CLAIM FOR RELIEF
**(New York State Frequency of Payment Violations, N.Y. Lab. L. §§ 191, 193, 198)**
**(Brought By Plaintiffs on Behalf of Themselves and the Class)**

63. Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

64. Defendants failed to timely pay Plaintiffs and the Class Members for all hours worked.

65. As a result of Defendants' unlawful conduct, Plaintiffs and the Class members are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, and costs and attorneys' fees.

### FOURTH CLAIM FOR RELIEF
(New York State Overtime Violations, N.Y. Lab. L. §§ 650 *et seq.*
N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.4)
(Brought By Plaintiffs on Behalf of Themselves and the Class)

66. Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

67. It is unlawful under New York law for an employer to suffer or permit a non-exempt employee to work without paying overtime wages for all hours worked in excess of forty (40) hours in any workweek.

68. Defendants willfully, regularly and repeatedly failed to pay Plaintiffs and the Class members at the required overtime rate of one-and-one-half times the greater of their regular rate or the full New York minimum wage for hours worked in excess of forty (40) hours per workweek.

69. As a result of Defendants' willful and unlawful conduct, Plaintiffs and the Class members are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, and costs and attorneys' fees.

### FIFTH CLAIM FOR RELIEF
(New York Spread of Hours Violations, N.Y. Lab. L. §§ 650 *et seq.*,
N.Y. Comp. Code R. & Regs. tit. 12, § 146-1.6)
(Brought By Plaintiffs on Behalf of Themselves and the Class)

70. Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

71. Plaintiffs and the Class members regularly had workdays that lasted more than ten (10) hours.

72. Defendants willfully and intentionally failed to pay Plaintiffs and the Class members one hour's pay at the full New York minimum hourly wage rate when their workdays exceeded ten (10) hours, as required by New York law.

73. As a result of Defendants' willful and unlawful conduct, Plaintiffs and the Class members are entitled to an award of damages, including liquidated damages as provided by New York law, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## SIXTH CLAIM FOR RELIEF
### (New York Notice Requirements, N.Y. Lab. L. §§ 195, 198)
### (Brought By Plaintiffs on Behalf of Themselves and the Class)

74. Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

75. Defendants did not provide Plaintiffs and the Class members with the notices/wage statements required by N.Y. Lab. Law § 195.

76. As a result of Defendants' willful and unlawful conduct, Plaintiffs and the Class members are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, and costs and attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves, the FLSA Collective Plaintiffs, and the Class, pray for relief as follows:

   A. An award of damages, according to proof, including back pay and liquidated damages, to be paid by Defendants;

   B. Designation of this action as a collective action on behalf of the FLSA Collective Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all

similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

C. Designation of Plaintiffs as Representatives of the FLSA Collective Plaintiffs;

D. Designation of this action as a class action pursuant to F.R.C.P. 23.

E. Designation of Plaintiffs as Representative of the Class.

F. An award of damages, according to proof, including liquidated damages, to be paid by Defendants;

G. Penalties available under applicable laws;

H. Costs of action incurred herein, including expert fees;

I. Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, N.Y. Lab. L. § 663, and other applicable statutes;

J. Pre-judgment and post-judgment interest, as provided by law; and

K. Such other and further legal and equitable relief as this Court deems necessary, just and proper.

Dated: New York, New York  
February 19, 2019

Respectfully submitted,

By: /s/ Denise A. Schulman
    D. Maimon Kirschenbaum
    Denise Schulman
    JOSEPH & KIRSCHENBAUM LLP
    32 Broadway, Suite 601
    New York, NY 10004
    (212) 688-5640

    Louis Pechman
    Laura Rodriguez
    PECHMAN LAW GROUP PLLC
    488 Madison Avenue, Suite 1704
    New York, NY 10022
    (212) 583-9500

*Attorneys for Named Plaintiffs, proposed FLSA Collective Plaintiffs, and proposed Class*

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial on all causes of action and claims with respect to which they have a right to jury trial.

# EXHIBIT A

## CONSENT TO SUE UNDER
## FEDERAL FAIR LABOR STANDARDS ACT

I am an employee currently or formerly employed by **RELISH CONCESSION & EVENT CATERING LLC, RELISH AT THE CAROUSEL LTD., RELISH BD LLC, CLAUDINE REVERE** and/or related individuals and entities. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Professional Services Agreement signed by the named plaintiffs in this case.

Jessica Mezon
Full Legal Name (Print)

DocuSigned by:
*Jessica M*
C0D557F9...
Signature

2/15/2019
Date

# CONSENT TO SUE UNDER
# FEDERAL FAIR LABOR STANDARDS ACT

I am an employee currently or formerly employed by **RELISH CONCESSION & EVENT CATERING LLC, RELISH AT THE CAROUSEL LTD., RELISH BD LLC, CLAUDINE REVERE** and/or related individuals and entities. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Professional Services Agreement signed by the named plaintiffs in this case.

Karina Garcia
_____
Full Legal Name (Print)

DocuSigned by:
/s/ Karina Gan
B8B41858522A4A
_____
Signature

2/15/2019
_____
Date